[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13802
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-01904-GAP-TBS

DAVID MAUS,
MARK LOUIS ORNSTEIN,

Plaintiffs-Counter
Defendants-Appellees,

versus

JOHN PATRICK ENNIS,

Defendant-Counter Claimant-
Third Party Plaintiff-Appellant,

TOM BUCK, et al.,

Third Party Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 27, 2013)

Before HULL, JORDAN and FAY, Circuit Judges.

PER CURIAM:

John Ennis, proceeding *pro se*, appeals the district court's order granting a total of $48,771.50 in attorney's fees and costs to David Maus and Mark Ornstein (collectively, the "plaintiffs") following the entry of a default judgment against Ennis in an action filed pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d) and Cyberpiracy Protection for Individuals ("CPI"), 15 U.S.C. § 8131(2).  On appeal, Ennis argues that (1) the district court erroneously entered a default judgment against him; (2) the district court and the plaintiffs harassed him by not using his religious names; and (3) the district court erred in finding him liable for damages, fines, and attorney's fees.  For the reasons set forth below, we affirm the district court's award of attorney's fees and costs.

I.

On December 21, 2010, Maus initiated a civil action against Ennis, and he later added Ornstein as a plaintiff.  Subsequently, the plaintiffs filed a motion for sanctions, alleging that Ennis had sent them harassing e-mails, published a defamatory internet article, and refused to communicate with their counsel.

Before the court ruled on the motion for sanctions, Maus and Ornstein filed a second amended complaint, alleging: (1) violations of the ACPA, 15 U.S.C. § 1125(d) ("Count One"); (2) invasion of privacy ("Count Three"); and

2

(3) violations of the CPI, 15 U.S.C. § 8131 ("Count Four").  In Count Two, the plaintiffs requested injunctive relief.  Ennis filed an answer and a counterclaim.

After the plaintiffs submitted their amended complaint, the magistrate judge issued a report and recommendation that the plaintiffs' motion for sanctions be granted, in part, and denied, in part.  Specifically, Ennis had exhibited conduct that was "reprehensible," and he had "acted intentionally, in bad faith, and for oppressive reasons."  Thus, the court should admonish Ennis for his conduct and advise him that "any future rudeness or disrespect to counsel or the [c]ourt" would result in more severe sanctions.  The district court adopted the magistrate's report and recommendation.

Subsequently, the plaintiffs filed a motion to compel Ennis to respond to discovery requests, and the district court granted the motion.  The plaintiffs then filed a second motion for sanctions, including an entry of default judgment and dismissal of Ennis's counterclaim, alleging that Ennis had submitted inadequate and incomplete responses to their discovery requests.  The magistrate issued a report and recommendation that the court grant the motion.

Over Ennis's objections, on December 16, 2011, the district court adopted the report and recommendation, and granted the plaintiffs' motion for sanctions. The court instructed the plaintiffs that they must file a motion for entry of default

3

judgment and, on January 6, 2012, the plaintiffs filed such a motion, requesting reasonable attorney's fees and statutory damages.

After an evidentiary hearing, the magistrate issued a report and recommendation that the district court grant the plaintiffs' motion for entry of a default judgment as to the ACPA claim (Maus only) and the CPI claim (both plaintiffs), and deny it as to the remaining claims. Further, considering the egregiousness of Ennis's conduct, an award of costs and attorney's fees was appropriate, and the court should reserve jurisdiction to award those fees and costs upon a motion by the plaintiffs. On April 13, 2012, the district court adopted the report and recommendation, granting, in part, and denying, in part, the plaintiffs' motion for a default judgment.

On April 27, 2012, Maus and Ornstein filed the instant post-judgment motion for attorney's fees and costs. The district court granted the plaintiffs' motion for $545 in costs, but denied without prejudice their request for attorney's fees because they failed to provide an itemized billing statement.

Subsequently, the plaintiffs filed an amended motion for attorney's fees, alleging that they had incurred $48,226.50 in attorney's fees. In support, they submitted an itemized billing statement showing that they had been billed a total of $49,553.25 by their attorneys and an affidavit from a Florida attorney declaring that, in his opinion, $49,000 was a reasonable attorney's fee for this case.

4

On June 14, 2012, the district court granted the plaintiffs' request for attorney's fees, finding that most of the fees were billed at $210 per hour, which was "well within the zone of reasonableness for federal trial lawyers in Central Florida." Further, the time expended by the plaintiffs' attorneys was also reasonable under the circumstances, as the progress of the case was thwarted by Ennis's conduct. Thus, the court ordered the entry of a money judgment against Ennis in the amount of $545 in costs and $48,226.50 in attorney's fees. On July 16, 2012, Ennis filed the instant notice of appeal from that order.

## II.

"We review an award of attorney's fees under the abuse of discretion standard." *Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 717 (11th Cir. 2002). Under an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1280 (11th Cir. 2010). Pursuant to the CPI statute, a district court has discretion to award costs and attorney's fees to the prevailing party. 15 U.S.C. § 8131(2). However, issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Generally, in a civil case, a notice of appeal must be filed within 30 days after entry of the judgment or order appealed from. Fed.R.App.P. 4(a)(1)(A). In civil cases, the timely filing of a

5

notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction.  *Rinaldo v. Corbett*, 256 F.3d 1276, 1278 (11th Cir. 2001).

As an initial matter, in the instant appeal, we lack jurisdiction to consider the district court's December 16, 2011, order, imposing sanctions against Ennis or its April 13, 2012, order, entering a partial default judgment against him, including a determination that he was liable for attorney's fees and costs.  Specifically, Ennis's instant notice of appeal was filed on July 16, 2012, more than 90 days after the April 2012 order, and as such, he may not challenge issues that were resolved in that order or in any prior orders.  *See* Fed.R.App.P. 4(a)(1)(A); *Rinaldo*, 256 F.3d at 1278.

Here, our jurisdiction is limited to a review of the district court's June 15, 2012, order granting the plaintiffs' motion for $545 in costs and $48,226.50 in attorney's fees.  On appeal, Ennis has abandoned any challenge to the district court's determination regarding the appropriate amount of attorney's fees and costs because he fails to raise any arguments related to that issue on appeal.  *Timson*, 518 F.3d at 874.  Instead, Ennis's brief focuses exclusively on the district court's imposition of sanctions, its entry of a default judgment against him, and the district court judge's failure to address him by certain religious names.  Although he made passing references to attorney's fees and costs in challenging the merits of the

6

default judgment, he does not argue that the district court abused its discretion in determining that $48,771.50 in attorney's fees and costs was warranted.

Regardless, even if Ennis had not abandoned any challenge to the amount of the award, the district court did not abuse its discretion in awarding the plaintiffs $545 in costs and $48,226.50 in attorney's fees. *See Shannon,* 292 F.3d at 717. Specifically, Ellis's liability for costs and attorney's fees had already been determined in a prior order and, before awarding a specific amount, the district court required the plaintiffs to submit an itemized billing statement. The billing statement verified that the plaintiffs had been billed a total of $49,553.25 by their attorneys. Further, an affidavit from a Florida attorney declared that the amount charged was reasonable for this case. Thus, the district court's determination as to the appropriate amount of costs and attorney's fees was supported by the record and did not constitute a clear error in judgment. *See Norelus*, 628 F.3d at 1280.

For the foregoing reasons, we affirm the award of attorney's fees and costs.

**AFFIRMED.**